```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X       For Online Publication Only
ARCH SPECIALTY INSURANCE COMPANY,
                                                                              ORDER
                                    Plaintiff,                                2:18-CV-04175-JMA-AKT

            -against-                                                         FILED
                                                                              CLERK

L&L INTERIOR CONTRACTING SERVICES CORP.,                                      10/22/2019 2:58 pm

                                    Defendant.                                U.S. DISTRICT COURT
                                                                              EASTERN DISTRICT OF NEW YORK
                                                                              LONG ISLAND OFFICE
----------------------------------------------------------------------X
```

**AZRACK, United States District Judge:**

Before the Court is the motion of plaintiff Arch Specialty Insurance Company for default judgment against defendant L&L Interior Contracting Services Corp. (ECF No. 13.) For the reasons stated herein, plaintiff's motion is GRANTED.

## I. DISCUSSION

### A. Defendant Defaulted

Plaintiff filed a complaint for breach of contract, unjust enrichment, and account stated on July 23, 2018. (ECF No. 1.) Defendant was properly served in the action, but has not answered, appeared in this action, responded to the instant motion for default judgment, or otherwise defended this action. Accordingly, the Clerk of the Court issued an entry of default against defendant on January 9, 2019. (ECF No. 9.)

### B. Liability

When a defendant defaults, the Court is required to accept all facts alleged in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009). However, the Court also must determine whether the allegations in the complaint establish the defendant's liability as a matter of law. Id.

Here, plaintiff's allegations sufficiently establish defendant's liability for breach of contract. Plaintiff has not moved for a default judgment on its second count for unjust enrichment. (ECF No. 13 at 2.) Plaintiff cannot establish defendant's liability for the account stated claim. Because both counts arise from the same allegations that defendant failed to pay monies owed, plaintiff's claim for account stated is precluded by the default judgment on its breach of contract claim. See Arch Specialty Ins. Co. v. Kajavi Corp., No. 18-cv-4043, 2019 WL 3719461, at *3 (E.D.N.Y. July 11, 2019), report and recommendation adopted, 2019 WL 3717441 (E.D.N.Y. Aug. 7, 2019); Hagman v. Swenson, 47 N.Y.S.3d 324, 328 (N.Y. App. Div. 2017).

## C. Damages

"'[W]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.'" Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC, 779 F.3d 182, 189 (2d Cir. 2015) (quoting Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc., 699 F.3d 230, 234 (2d Cir. 2012)). The Court must conduct an inquiry to "ascertain the amount of damages with reasonable certainty." Credit Lyonnais Sec., Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999) (citing Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997)). The Court finds that plaintiff's submissions of the unpaid invoice, (ECF No. 12-3), and the declaration of plaintiff's Vice President, (ECF No. 12), establish damages of $291,822.10 to a reasonable certainty.

Plaintiff has also moved for attorneys' fees and litigation costs. (ECF No. 13 at 1, 10.) Plaintiff is entitled to recover its litigation costs pursuant to Fed. R. Civ. P. 54(d)(1) and has submitted an invoice of its fees. (ECF No. 11-4.) The Court awards plaintiff $529.99 for its costs. However, plaintiff has not provided an amount nor submitted any documentary evidence to support its request for attorneys' fees. Under New York law, attorneys' fees are generally "the ordinary

incidents of litigation and may not be awarded to the prevailing party unless authorized by agreement between the parties, statute, or court rule." Oscar Gruss & Son, Inc. v. Hollander, 337 F.3d 186, 199 (2d Cir. 2003). Plaintiff has not identified any agreement, statute, or court rule authorizing an award of attorneys' fees. Without any evidence or legal basis to support this award, plaintiff's request to recover attorneys' fees is denied.

In addition, plaintiff has requested prejudgment interest at the New York statutory rate of nine percent (9%) per annum. Under New York law, prejudgment interest of nine percent (9%) per annum is recoverable "upon a sum awarded because of a breach of performance of a contract." N.Y. C.P.L.R. § 5001(a); see also N.Y. C.P.L.R. § 5004. Such "[i]nterest shall be computed from the earliest ascertainable date the cause of action existed." N.Y. C.P.L.R. § 5001(b). Here, interest should be computed from the date on which defendant breached the contract by failing to pay the amount owed. See Guilbert v. Gardner, 480 F.3d 140, 149 (2d Cir. 2007) ("A cause of action for breach of contract ordinarily accrues . . . upon breach."). Accordingly, the Court will calculate interest from September 12, 2017, the date on which the invoice became due. The Court awards plaintiff $55,509.30 in prejudgment interest, calculated at a daily rate of $72.09 from September 12, 2017, through the date of this Order.

## II. CONCLUSION

The Clerk of the Court is respectfully directed to enter judgment against defendant as follows: defendant L&L Interior Contracting Services Corp. is liable to plaintiff Arch Specialty Insurance Company for $292,352.09 in damages, together with $55,509.30 in prejudgment interest, for a total award of $347,861.39.

The Clerk of the Court is directed to close this case.

**SO ORDERED.**

Dated: October 22, 2019
Central Islip, New York

                                                 /s/   (JMA)
                                             JOAN M. AZRACK
                                             UNITED STATES DISTRICT JUDGE